CARLOS M. HERNÁNDEZ LÓPEZ y OTROS, demandantes y peticionarios, *v.* HON. RICARDO SANTANA RAMOS y OTROS, demandados y recurridos.

*Número:* AI-98-2          *Resuelto:* 18 de noviembre de 1998

*Carlos M. Hernández López,* de *Hernández Colón & Hernández López, Mario Pabón Rosario* y *Ángel J. Ortiz Guzmán,* abogados de los peticionarios.

## RESOLUCIÓN

Muestren causa los demandados por la cual, a tenor con lo dispuesto en el Art. 667 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3464, y la Regla 16(g) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, no deberíamos entender que las partes han sido debidamente emplazadas. Luego de lo cual expediríamos el auto inhibitorio y dictaríamos una orden para dejar sin efecto el señalamiento de la vista en su fondo de 25 de noviembre, reseñalándola para el próximo lunes 23 de noviembre y ordenando al foro de instancia resolver el caso no más tarde del martes 24 de noviembre. El escrito para mostrar causa deberá ser presentado ante este Tribunal el viernes 20 de noviembre no más tarde de las doce (12) del medio día.

*Notifíquese vía fax y por teléfono.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Fuster Berlingeri

hace constar su preocupación de que debido al curso procesal que ha tomado este caso, todo ello fuera del control de los demandantes, los derechos de éstos se puedan ver afectados dado el corto lapso de tiempo con que se cuenta antes de la celebración del plebiscito. Entiende que esta preocupación podría ser salvada si, una vez resuelto el caso en el tribunal de instancia, la parte que no esté conforme con dicha determinación recurre al Tribunal de Circuito de Apelaciones y solicita de éste los remedios que entienda apropiados, o de estimarlo pertinente y a tenor con lo dispuesto en el Art. 3.002(g) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22i(g), solicita la certificación del caso a este Tribunal, de forma tal que el foro con autoridad para determinar de forma final la constitucionalidad de los estatutos y de los derechos constitucionales de los demandantes al amparo de la Constitución del Estado Libre Asociado de Puerto Rico, pueda así hacerlo con la premura que el caso amerita. El Juez Asociado Señor Negrón García emitió un voto disidente, al cual se unió el Juez Asociado Señor Corrada Del Río. El Juez Asociado Señor Rebollo López no intervino.

(*Fdo.*) Isabel Llompart Zeno
*Secretaria del Tribunal Supremo*

— O —

Voto disidente del Juez Asociado Señor Negrón García, al cual se une el Juez Asociado Señor Corrada Del Río.

Coincidimos con el criterio de que es improcedente la petición de certificación presentada por el Sr. Carlos M. Hernández López, *pro se* y como Presidente del Frente Autonomista Mayagüezano. *Igualmente debimos denegar el auto inhibitorio.*

Una mayoría del Tribunal asume jurisdicción, sin te-

nerla, con relación a la petición del auto inhibitorio. Con rapidez, intima un posible curso de acción cuyo resultado es ordenar al foro de instancia que siga un apretado itinerario, proceda a celebrar el próximo lunes 23 de noviembre una vista evidenciaria y resuelva al otro día. No comprendemos cómo adelantar la fecha del señalamiento del miércoles 25 de noviembre al próximo lunes 23, justifique la intervención de este Foro en una petición que no cumple con los requisitos básicos que exige el recurso.

Según indicado, este Tribunal no tiene facultad para asumir jurisdicción y adoptar el anterior trámite, ya que ni la demanda en instancia como tampoco la petición de auto inhibitorio, están debidamente juramentadas, requisito esencial exigido por el Art. 666 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3463. Aparte de carecer del requisito de declaración jurada necesaria, la Mayoría adopta un trámite peculiar sobre un asunto que está litigándose en Primera Instancia. Prescinde de un mandato de la Regla 16(g) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, que expresamente ordena que en los "recursos extraordinarios, la parte peticionaria emplazará a todas las partes afectadas de conformidad con las disposiciones pertinentes de las Reglas de Procedimiento Civil. Motu proprio o a solicitud de parte, el Tribunal podrá disponer de alguna otra forma de emplazamiento". El emplazamiento siempre es necesario para ejercitar nuestra jurisdicción en Primera Instancia. Difícilmente puede este Tribunal sustituir ese requisito por el emplazamiento habido en Primera Instancia.

Con todo respeto, la Mayoría del Tribunal ha entremezclado los recursos presentados ante nos, improcedentes, y por medio del mecanismo de mostración de causa está realmente interviniendo vía una certificación no autorizada en la Ley de la Judicatura.

Es ilógico e inexplicable ordenar a un juez que continúe el procedimiento de determinado modo justificando la orden en una solicitud de auto inhibitorio. Es elemental que el remedio final en un auto inhibitorio es paralizar todo procedimiento ulterior en el litigio. Art. 664 (32 L.P.R.A. sec. 3461). *Charana v. Pueblo*, 109 D.P.R. 641 (1980). Casares lo define como "[i]mpedir que un juez prosiga en el conocimiento de una causa". J. Casares, *Diccionario ideológico de la lengua española*, 2da ed., Barcelona, Ed. Gustavo Gili, 1975, pág. 474. Es, por lo tanto, erróneo intervenir y dirigir un procedimiento en marcha.

A la luz de lo antes expuesto, no podemos suscribir la orden para mostrar causa mayoritaria. Parece que la Mayoría del Tribunal, para asumir jurisdicción donde no la tiene, ha entremezclado conceptos propios que pertenecen a una certificación, auto inhibitorio y *mandamus*, todos, recursos excepcionales. En recta juridicidad, ¿se justifica?